UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-3061-JBM |
| | ) |
| ILLINOIS DEPT. OF CORRECTIONS, et. al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, no longer in custody, files a complaint under 42 U.S.C. § 1983, identifying events which largely occurred at the Western Correctional Center ("Western"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff had previously been confined at the Shawnee Correctional Center ("Shawnee") where, on June 4, 2019, he was attacked and stabbed by inmates James Williams and Marvin Thomas. Plaintiff indicates that on June 13, 2019, the Shawnee Warden, Defendant Dennison, approved a "Keep Separate From" order as to Plaintiff and inmate Williams. On July 31, 2019, however, Plaintiff was placed on a transport bus with inmate Williams to be transferred from

1

Shawnee to Western. Plaintiff alleges that inmate Williams assaulted him by spitting on the right side of Plaintiff's face. He complains that inmate Williams also "let the entire transfer bus know that Plaintiff had received full immunity for the triple murder of three people." Plaintiff had apparently been granted immunity for cooperating as a State's witness, presumably testifying against others. Plaintiff asserts claims against Shawnee Warden Dennison and unidentified Transfer Coordinators from Shawnee and the Illinois Department of Corrections ("IDOC") for placing him on the same transport vehicle as Williams.

On August 6, 2019, while in segregation at Western, Plaintiff told Defendant Lieutenant Smith that he wanted state-wide protective custody status. Defendant Smith allegedly informed Plaintiff that Western did not have protective custody, denying his request. Plaintiff directed a grievance of the matter to IDOC Director Rob Jeffreys and Amy Burle of the Administrative Review Board ("ARB"). The grievance was denied, though Ms. Burle sent a response on August 22, 2019, advising plaintiff that the ARB had made Western aware of his concerns. Plaintiff also sent letters to Illinois Governor Defendant Pritzker, requesting protective custody placement. Governor Pritzker did not respond.

On August 22, 2019, Plaintiff was released from segregation and interviewed by intelligence officers Settles, Roughcorn and Moon. At that time, Plaintiff informed them that he feared for his life and wished to be placed in protective custody. The officers replied that Western did not provide for protective custody and the only way he could be isolated from others was to refuse housing and to be placed in segregation. Plaintiff complains, without detail, that he had been threatened even in segregation.

On a subsequent date, an unidentified inmate who transferred in from Shawnee threatened Plaintiff in the segregation showers. Plaintiff does not plead the particulars of this

threat but claim that the inmate yelled out that Plaintiff was a State's witness and had "told on" his uncle and another inmate after being stabbed. Plaintiff informed Internal Affairs Officer Richmiller of the threat, requesting protective custody. Defendant Richmiller responded that there was no protective custody at Western. Plaintiff also asked Defendant Warden Hammer to place him in protective custody and received the same response.

Plaintiff also complains that Defendant Grievance Officer Goins and Defendant Warden Watson would not "hear" the grievances he had filed regarding events at Shawnee. They instructed Plaintiff that grievances of events which had occurred at a different facility were to be sent directly to the Administrative Review Board ("ARB").

Plaintiff also attempts to assert an unrelated deliberate indifference claim regarding a broken finger allegedly sustained when assaulted on June 4, 2019 at Shawnee. Plaintiff claims that an unnamed sergeant informed Plaintiff that he needed surgery to his finger. Plaintiff asserts that Defendants Goins and Watson denied him medical treatment for his finger and denied his related grievances. Plaintiff discloses that he has filed a separate action against Wexford and medical personnel for denying him surgery.

Here, the Court finds the claim that Defendants Goins and Watson refused to treat Plaintiff's injury is unrelated to the underlying claims against the other Defendants and represents an impermissible misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." *See also*, *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008) (defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law).

Plaintiff requests compensatory and punitive damages, though, as indicated below, his request for compensatory damages is limited under 42 U.S.C. § 1997e(e). Plaintiff also requests injunctive relief, that all IDOC inmates be given protective custody, if needed.

**ANALYSIS**

Prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To be liable for failure to protect, Defendants must have had "actual knowledge of impending harm" and of a "specific threat to [plaintiff's] safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). This applies even if no harm befalls the plaintiff. "Even without an actual injury, the mere probability of the harm to which [Defendant] exposed [Plaintiff] can be sufficient to create liability: The 'heightened risk of future injury' a prison official intentionally or with reckless indifference inflicts on an inmate 'is itself actionable.'" *Wright v. Richmiller*, 561 Fed. Appx. 551, 555 (7th Cir. 2014) (internal citations omitted). However, a plaintiff who does not suffer physical injury may not recover compensatory damages, though he may recover nominal and punitive damages. *Id*. at 555 citing 42 U.S.C. § 1997e(e).

Here, it is not clear that Plaintiff articulated a specific threat to his safety to any Defendant. Plaintiff claimed, generally, to be at risk for having testified as a State's witness. Plaintiff also claims that an inmate transferred in from Shawnee threatened him in the shower. Plaintiff does not identify this inmate by name, identify the threat that was made, or claim that he told any Defendant of it. While Plaintiff asked Defendants Hammer, Smith, Settles, Roughcorn, Moon and Richmiller for protective custody, telling them that he feared for his life, he has failed to plead that any Defendants was aware of a specific threat to his safety. *McGill*, 944 F.2d at 349. Plaintiff will be given an opportunity to replead this claim as to these individuals.

Plaintiff alleges that Defendants Goins and Watson were deliberately indifferent when they denied his grievances requesting protective custody. However, an individual does not become liable for an alleged constitutional violation merely by denying a grievance. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007) (rejecting that "anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself…Only persons who cause or participate in the violations are responsible.") *See also, Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."

In addition, Defendants Goins and Watson rightly refused to consider Plaintiff's grievances from Shawnee, consistent with Illinois statute which provides that grievances which arose at a facility "other than the facility where the offender is currently assigned" are to be sent directly to the ARB. *See* 20 Ill. Adm. Code Section 504. 870 (a)(4). As previously indicated, Plaintiff's additional claims that Defendants Goins and Watson were deliberately indifferent to his injuries are DISMISSED for misjoinder. Defendants Goins and Watson are DISMISSED.

Plaintiff's claims against Defendants Jeffreys and Pritzker are dismissed as he fails to plead Defendants' personal involvement in the alleged deprivation. This is so, as "[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement and subject an official to liability under §1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

Plaintiff's claims against IDOC and Western are also dismissed as these Defendants are not "persons" amenable to suit under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). In addition, these Defendants enjoy the same Eleventh Amendment immunity as the State of Illinois. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against Department of Corrections). IDOC and Western are dismissed with prejudice.

Plaintiff also claims that Shawnee Warden Dennison and the Shawnee and IDOC Transfer Coordinators were deliberately in different in placing him on the same transfer bus as inmate Williams. These claims, however, are unrelated to the claims directed to the Western Defendants and are dismissed for misjoinder. *George,* 507 F.3d at 607. If Plaintiff wishes to pursue these claims, he must file them in a separate action with responsibility for the filing fees. Defendants Dennison and Transfer Coordinators #1 and 2 are DISMISSED.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order in which to file an amended complaint, repleading his failure to protect claims against Defendants Hammer, Smith, Settles, Roughcorn, Moon and Richmiller. The pleading is to be captioned Amended Complaint and is to state all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice. Defendants Pritzker, Jeffreys, Burle, Goins, Watson, Dennison, and Transfer Coordinators #1 and 2 are DISMISSED. Defendants IDOC and Western are DISMISSED with prejudice.

  6/12/2020                              ____s/Joe Billy McDade_____  
ENTERED                                       JOE BILLY McDADE  
                                        UNITED STATES DISTRICT JUDGE